IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-454-FL

| | |
|---|---|
| ROBERT BAIN BROUGHTON, JR., and ) <br> CELESTE G. BROUGHTON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOHN N. McCLAIN, JR, ROBERT ) <br> GALEY, and WELLS FARGO & ) <br> COMPANY, ) <br> ) <br> Defendants. ) | ORDER |

This matter, initiated by complaint filed June 24, 2013, comes before the court on plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction (DE 2) seeking to enjoin enforcement of a Writ of Execution issued in favor of a defendant herein, by the Wake County Clerk of Court on May 20, 2013. Reference is made to a July 23, 2013, Sheriff's sale of real property belonging to plaintiffs, sought to be avoided in this action.

Pursuant to Federal Rule of Civil Procedure 65 provides that:

[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiffs assert that any attempt to notify opposing parties of their TRO request would not serve the interests of justice because defendants are "masters of fraudulent manipulation and criminal

delaying tactics, and their slightest involvement at this time would guarantee that no TRO would be entered immediately." Pls.' Supplemental Mem. Supp. Mot. TRO 3. The court takes note of a separate lawsuit initiated by plaintiff Celeste G. Broughton June 7, 2010, against two of the three defendants named herein, which concluded in favor of defendants, upon judgment of the court, affirmed by the United States Court of Appeals for the Fourth Circuit. In that action, this plaintiff raised certain challenges renewed here.

Plaintiffs have not shown reason why notice should not be required. The filings tendered in support of the drastic relief requested also are incomplete. As such, circumstances evidencing clear demand for this extraordinary remedy, without notice, have not been shown. See Steakhouse, Inc., v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). Plaintiffs' motion for a TRO is DENIED.

The court HOLDS IN ABEYANCE decision on plaintiffs' motion for preliminary injunction, pending issuance of summonses and plaintiffs' showing, as required, of proper service in the case, including all filings by plaintiffs together with a copy of this order. Upon such showing, the court may order expedited briefing, as appropriate, to aid in efficient decision on the motion.

SO ORDERED, this the 2nd day of July, 2013.

LOUISE W. FLANAGAN
United States District Judge